880 A.2d 284 (2005)
2005 ME 104
Rebecca BEANE et al.
v.
MAINE INSURANCE GUARANTY ASSOCIATION.
Supreme Judicial Court of Maine.
Argued: June 15, 2005.
Decided: August 31, 2005.
William D. Robitzek, Paul F. Macri (orally), Berman & Simmons, P.A., Lewiston, ME, for plaintiffs.
Joseph C. Tanski, Mark D. Robins (orally), Nixon Peabody, L.L.P., Boston, ME, and John H. Rich III, Jennifer H. Pincus, Perkins Thompson Hinckley & Keddy, P.A., Portland, ME, for defendant.
Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.[*]
ALEXANDER, J.
[¶ 1] Rebecca and David Beane appeal from a declaratory judgment entered by the Superior Court (Kennebec County, Studstrup, J.) determining that the Maine Insurance Guaranty Association (MIGA) was not obligated to compensate them for losses resulting from medical malpractice of a doctor covered by MIGA because the Beanes had not exhausted available insurance coverage. The Beanes contend that the court erred by (1) applying the statutory requirement that they exhaust available *285 insurance coverage against their settlement with a second doctor who was jointly and severally liable for their injuries; and (2) declaring that the exhaustion amount would be measured against the total amount of damages that might have been recovered against the other doctor, rather than the total amount of damages resulting from the joint and several liability of both doctors. Because the facts are insufficiently developed in this record to permit rulings on points of law that are essential to a resolution in this case, and because the parties wish to add materials to the record relating to events that occurred after the Superior Court's judgment, we vacate and remand the matter to the Superior Court for further development of the facts prior to rulings on points of law.

I. CASE HISTORY
[¶ 2] Rebecca and David Beane filed a medical malpractice claim against doctors Daniel Pierce and Sheridan Oldham arising from an alleged negligent failure to properly diagnose and treat a medical condition of Rebecca Beane's. Dr. Pierce was initially consulted and referred Ms. Beane to Dr. Oldham. Both doctors denied liability in their answer to the Beanes' complaint.
[¶ 3] Dr. Oldham was covered by an insurance policy with St. Paul Insurance Company with a $1,000,000 coverage limit. Dr. Pierce was insured by PHICO Insurance Company. His policy also had a $1,000,000 coverage limit. However, PHICO was insolvent. Accordingly, MIGA was obligated to assume Dr. Pierce's defense pursuant to 24-A M.R.S.A. §§ 4431-4452 (2000 & Supp.2004). Upon assuming defense for any insolvent insurance carrier, MIGA's liability is limited to $300,000. 24-A M.R.S.A. § 4438(1)(A)(3) (2000 & Supp.2004).
[¶ 4] After the action commenced, the Beanes settled their claims against Dr. Oldham for $600,000. MIGA did not participate in the settlement negotiations involving Dr. Oldham, and MIGA refused to pay the Beanes anything after the settlement with Dr. Oldham.
[¶ 5] The Beanes brought a complaint for declaratory judgment in the Superior Court, asserting that MIGA was liable to them under the PHICO policy for up to $300,000 and that MIGA was not permitted to set off its own liability to the Beanes against payments made to the Beanes by Dr. Oldham's insurer. In response, MIGA asserted that its governing statutes required the set off and that the settlement with Dr. Oldham, for $400,000 less than his policy limits, demonstrated that the Beanes had not exhausted the limits of available insurance coverage. Exhausting available insurance coverage is a necessary prerequisite to triggering a payment obligation for MIGA pursuant to 24-A M.R.S.A. § 4443(1) (2000). Section 4443(1) of the MIGA statute states:
Any person having a claim against an insurer under any provision in an insurance policy, other than that of an insolvent insurer, which is also a covered claim, shall be required to exhaust first the person's right under the policy. Any amount otherwise payable on a covered claim under this subchapter shall be reduced by the amount of any recovery under the insurance policy.
[¶ 6] After a hearing on cross motions for summary judgment, the Superior Court entered a declaratory judgment for MIGA, essentially agreeing with MIGA's contention that the Beanes had not sufficiently exhausted available insurance coverage to trigger payment responsibility for MIGA. The Beanes then brought this appeal.
*286 [¶ 7] After the appeal was filed, the Beanes and Dr. Pierce reached a settlement, absolving Dr. Pierce of any financial responsibility for their damages, except for what the Beanes might recover from MIGA in this action. Neither the record before the Superior Court nor the additional materials developed in connection with the settlement with Dr. Pierce included any agreed statement or finding regarding the Beanes' total damages, although the amount of damages could be important to resolution of MIGA's responsibility in this action.
[¶ 8] The parties made no effort to reopen the record in the Superior Court to add the settlement documents to the record and allow the Superior Court to determine if the terms of the settlement affected its judgment in any way. Instead, after oral argument before us, the parties filed a motion to supplement the record on appeal by adding the settlement documents.

II. THE RECORD FOR REVIEW
[¶ 9] Our review of the merits of an appeal is limited to the facts and evidence in the record before the trial court. On appeal, we will not consider new facts, new exhibits or other material relating to the merits of the appeal that was not presented to the trial court and included in the trial court record. See Bradstreet v. Bradstreet, 2004 ME 5, ¶ 3, 840 A.2d 105, 106; Maine Appellate Practice §§ 5(e), 401(b) at 59-60, 172-73 (2004).
[¶ 10] The rule governing the record on appeal, M.R.App. P. 5, includes no provision to add to the record on appeal material that was not presented to the trial court and to consider that material in reaching the merits of the appeal, without first subjecting that additional material to review by the trial court. Pursuant to M.R.App. P. 5(f), the parties may submit a record to us on an agreed statement in lieu of the record presented to the trial court. However, Rule 5(f) requires that the agreed record be approved by the trial court for certification to the Law Court as the record on appeal. The January 1, 2001, Advisory Note supporting adoption of M.R.App. P. 5(f) emphasizes that: "[E]ven though the statement is agreed to, the statement must be submitted to the trial court for approval as the record on appeal to the court. This helps assure that any statement of appeal to the Law Court, even if prepared by agreement of the parties, accurately reflects the challenged trial court action." Maine Appellate Practice at 53.
[¶ 11] Pursuant to M.R.App. P. 5(e), the record may be corrected to include materials that were before the trial court but were omitted from the record on appeal. Just two years ago, in a small claims appeal from the District Court, we noted that the Superior Court improperly invoked the correction or modification of record provisions of M.R. Civ. P. 76F(b)[1] to add to the record evidence that was not considered by the District Court. Tisdale v. Rawson, 2003 ME 68, ¶¶ 13-14, 822 A.2d 1136, 1140. In Tisdale, we observed that the correction or modification of record provision:
was not intended, however, to give litigants the opportunity to create a record on appeal by entering new evidence to aid the appellate court's analysis of the issues before it. An appellate court must limit its review to the record developed by the trial court. An omission refers to the inadvertent omission of documentary presentation of evidence otherwise presented to the court, rather than evidence that the parties neglected *287 to offer in any fashion. The Superior Court, acting in its appellate capacity, erred by allowing Rawson to supplement the record because this evidence was not entered to correct an omission, misstatement, or other mistake affecting the record.
Id. ¶ 14, 822 A.2d at 1140 (citation omitted).
[¶ 12] The same observations apply to the pending request to add to the record on appeal in a way that changes the nature of the case from the matter that was presented to and decided by the trial court. Such materials that may affect the substance of the trial court's judgment must first be presented to and considered by the trial court pursuant to M.R. Civ. P. 7(b)(5) or 60(b). They cannot be presented directly on appeal, without trial court consideration.
[¶ 13] Accordingly, this matter will be remanded to the Superior Court to consider the present posture of the case and develop a decision including consideration of any new material the parties wish to present.
The entry is:
Judgment vacated, remanded to the Superior Court for further consideration in accordance with this opinion.
NOTES
[*] Justice Paul L. Rudman sat at oral argument and participated in the initial conference, but retired before this opinion was certified.
[1] Rule 76F(b), like M.R.App. P. 5(e), allows for correction or modification of the record to correct an "omission or misstatement" when a material item is omitted from the record.